ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
JOSHUA D. CARLON        State Bar No. 263838
    Joshua.Carlon@aalrr.com
AASHISH BHARGAVA        State Bar No. 265508
    Ash.Bhargava@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendants
KEMRON ENVIRONMENTAL
SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GONZALES and MARTY EDWARD HERRERA, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEMRON ENVIRONMENTAL SERVICES, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-05972<br><br>**DEFENDANT KEMRON ENVIRONMENTAL SERVICES, INC. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (A) AND 1442(a)(1)**<br><br>Complete Set of Papers Filed:<br>1. Notice of Removal<br>2. Declaration of Aashish Bhargava<br>3. Corporate Disclosure Statement<br>4. Civil Case Cover Sheet<br>5. Certificate and Notice of Interested Parties<br><br>Complaint Filed:  August 29, 2023<br>Trial Date:         None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS:

PLEASE TAKE NOTICE that Defendant KEMRON ENVIRONMENTAL SERVICES, INC. ("Kemron") hereby removes to this Court the state court action *David Gonzalez and Marty Edward Herrera v. Kemron Environmental Services, Inc.*, San Francisco County Superior Court Case No. CGC-23-608698.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.

1  § 1331 and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(l).
2  Kemron hereby provides this "short and plain statement of the grounds for removal" pursuant to 28
3  U.S.C. § 1446(a).

## I. INTRODUCTION AND CASE OVERVIEW

1. On August 29, 2023, David Gonzalez and Marty Edward Herrera ("Plaintiffs") filed a wage and hour class action lawsuit against Kemron Environmental Services, Inc. ("Kemron") in the Superior Court of California for the County of San Francisco ("Complaint").  A true and correct copy of all processes, pleadings, and orders is attached hereto to the Declaration of Aashish Bhargava as Exhibit A.  The Complaint alleges the following class action claims: (1) failure to pay minimum wage and straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to authorized and permit rest periods; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) failure to indemnify employees for expenditures; and (8) unfair business practices.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because: (1) Kemron is being sued by its employees for work it performed at the direction of and while under contract with the Navy, thus immunizing Kemron from liability for state law claims; and (2) Plaintiffs' claims arise from alleged acts occurring on a federal enclave, Hunter's Point Naval Shipyard, over which federal courts have exclusive jurisdiction to adjudicate claims for relief.

## II. VENUE AND INTRA-DISTRICT ASSIGNMENT

3. Removal to the United States District Court for the Northern District of California is proper under 28 U.S.C. § 1446(a) because this is the District within which the state court action is pending.

4. Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco or Oakland Division of the United States District Court for the Northern District of California is appropriate because a substantial part of the events or omissions which gave rise to Plaintiffs' claims are alleged to have occurred in the County of San Francisco, and a substantial part of the property that is the subject of the action is situated in the County of San Francisco.

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

### III. JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because: (I) Plaintiffs' claims relate to their employment with Kemron at Hunter's Point Naval Shipyard ("HPNS) while under contract with the Navy, thus immunizing Kemron from liability for state law claims; and (2) Plaintiffs' claims arise from alleged acts occurring on a federal enclave, HPNS, over which federal courts have exclusive jurisdiction to adjudicate claims for relief.

### IV. GROUNDS FOR REMOVAL

6. Kemron asserts two independent bases for removing this action to this Court. First, Kemron removes this action pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(l). Second, Kemron removes this action pursuant to 28 U.S.C. § 1441(a) because the alleged conduct giving rise to this action occurred on a federal enclave.

#### A. Federal Officer Removal

7. Removal is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(l), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer. 28 U.S.C. § 1442 provides for removal of civil actions against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § I 442(a)(I).

8. Federal officer removal rights under section 1442 are much broader than other removal rights, and section 1442 is to be interpreted broadly in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("We take from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal."). Indeed, given the importance to the federal government of protecting federal officers and their agents, federal officers can remove even if a plaintiff could not have filed in federal court; removals under section 1442 are not subject to the well-pleaded complaint rule; and a federal officer or agency defendant can unilaterally remove a case under section 1442 without consent from other defendants in the case. *Durham*, 445 F.3d at 1253.

9. Removal is appropriate where, as here, a defendant demonstrates that: (1) it is a

1  "person" within the meaning of the statute; (2) there is a causal nexus between its actions, taken
2  pursuant to a federal officer's directions, and plaintiffs' claims; and (3) it can assert a "colorable
3  federal defense." *Durham*, 445 F.3d at 1251 (citing *Jefferson County v. Acker*, 527 U.S. 423, 431
4  (1999) and *Mesa v. California*, 489 U.S. 121, 124-25, 131-35 (1989)). Kemron meets all of these
5  elements and, therefore, is entitled to remove this action.

6      10.    First, Kemron is a "person" under section 1442(a)(l). It is well-settled that
7  corporations such as Kemron are considered "persons" within the meaning of the statute. *See*
8  *Isaacson v. Dow Chemical Co.*, 517 F.3d 129 (2d Cir. 2008).

9      11.    Second, and as detailed in Section B below, Kemron asserts that Plaintiffs' state law
10 claims are barred by the federal enclave doctrine. Accordingly, Kemron meets the second
11 requirement for jurisdiction under the federal office removal statutes because it asserts a "colorable
12 federal defense."

13     12.    Third, Kemron satisfies the final requirement for jurisdiction because a causal nexus
14 exists between Plaintiffs' claims for wage violations and Kemron's federal contract to provide
15 environmental services at HPNS.

16     **B.**    **Federal Enclave Jurisdiction**

17     13.    The federal enclave doctrine provides a second basis for removal. Article 1,
18 Section 8, Clause 17 of the United States Constitution grants Congress the power to "exercise
19 exclusive legislation in all cases whatsoever" over all places purchased with the consent of a state
20 "for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." *Swords to*
21 *Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1 034 (N.D. Cal. 2005). Federal enclaves include
22 military areas, such as naval shipyards like HPNS. *Scott v. Does I through 100*, CV 12-06235 SJO
23 (MANx), 2012 WL 13013026, *2 (C.D. Cal. Oct. 25, 2012); *see also Allison v. Boeing Laser*
24 *Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir.2012) ("These enclaves include numerous military
25 bases, federal facilities, and even some national forests and parks"); *Celli v. Shoell*, 995 F.Supp.
26 1337, 1341 (D. Utah 1998) (taking judicial notice that air force base was federal enclave).

27     14.    "[F]ederal enclaves are under the exclusive jurisdiction of the United States, meaning
28 the property and activities of individuals and corporations within that territory are also under federal

jurisdiction." *Swords to Plowshares*, 423 F. Supp. 2d at 1034. "As a result, actions arising from events that take place in federal enclaves may be removed to the corresponding federal court." *Scott*, 2012 WL 13013026 at *2; *Durham*, 445 F.3d at 1250 ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'").

15. Plaintiffs' claims relate to their employment with Kemron at HPNS. HPNS is a federal enclave. Beginning in approximately 1939, the HPNS was acquired by the United States for use by the Navy as a shipyard. *See, e.g.*, Cal. Stats. 2009, c. 203 § 2(c). Through these acquisitions, the Navy accepted exclusive federal jurisdiction over a substantial portion of the HPNS pursuant to the Constitution and California law. *See, e.g.*, U.S. Constitution, Art. I, s. 8, cl. 17; Cal. Govt. Code § 111; Cal. Stats. 1939, ch. 710, § 34; *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 480 (2000). While the area of HPNS known as "Parcel A" was transferred to the City of San Francisco in connection with the redevelopment of the area, nearly all of the remaining land in HPNS is still owned by the United States. *See, e.g.*, Cal. Stats. 2009, c. 203 § 2(a) (noting federal ownership of Hunters Point Naval Shipyard lands).

16. The crux of Plaintiffs' claims against Kemron is that Kemron failed to comply with California's wage and hour laws. Kemron is contracted by the United States Navy to perform environmental services at HPNS. Plaintiffs performed employment services for Kemron at HPNS. As such, HPNS was Plaintiff's place of employment for purposes of the federal enclave doctrine. Accordingly, Plaintiffs' Complaint states claims "arising under" federal law.

17. Because the alleged conduct giving rise to Plaintiffs' claims occurred on a federal enclave, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## V. COMPLIANCE WITH REMOVAL PROCEDURE

18. Kemron was served with the Complaint on October 18, 2023.

19. Kemron's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Kemron is filing this Notice of Removal within thirty days of receipt, through service, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

20. Kemron is not required to obtain the consent of any other defendants in this action in order to remove this action in its entirety pursuant to the federal officer removal statute, 28 U.S.C.

§ 1442(a)(1). See *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

21. The undersigned counsel avers that all named defendants known to have been served as of this filing consent to removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [for removal].").

22. Kemron will promptly give all adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Kemron will also promptly file a copy of this Notice of Removal with the Clerk of the California Superior Court for the County of San Francisco where the action is currently pending.

WHEREFORE, Kemron hereby removes this action from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California.

Dated: November 17, 2023

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Aashish Bhargava
Joshua D. Carlon
Attorneys for Defendants KEMRON
ENVIRONMENTAL SERVICES, INC.